158                    April 11, 2024                    No. 8

IN THE SUPREME COURT OF THE
STATE OF OREGON

PNW METAL RECYCLING, INC.,
dba Rivergate Scrap Metals,
dba RS Davis Recycling, dba PNW Auto Parts,
dba Orient Auto Parts and Recycling,
an Oregon corporation;
Schnitzer Steel Industries, Inc.,
an Oregon corporation;
and Pacific Recycling, Inc.,
an Oregon corporation,
*Respondents on Review,*

*v.*

OREGON DEPARTMENT OF
ENVIRONMENTAL QUALITY,
an agency of the State of Oregon,
*Petitioner on Review.*

(CA A171317) (SC S069412)

On respondents on review's petition for reconsideration filed January 26, 2024; considered and under advisement April 2, 2024.*

Jon W. Monson, Cable Huston LLP, Portland, and Kirk B. Maag, Stoel Rives LLP, Portland, filed the petition for reconsideration on behalf of respondents on review. Also on the petition was Nicole M. Swift and Nicole A. W. Abercrombie, Cable Huston LLP, Portland.

Carson L. Whitehead, Assistant Attorney General, Salem, filed the response to the petition for reconsideration on behalf of petitioner on review.

Before Flynn, Chief Justice, Duncan, Garrett, DeHoog, and Masih, Justices, and Balmer and Walters, Senior Judges, Justices pro tempore.**

_____

  \* 371 Or 673, 540 P3d 523 (2023); on review from the Court of Appeals, 317 Or App 207, 505 P3d 462 (2022).

  \*\* Bushong and James, JJ., did not participate in the reconsideration of this case.

GARRETT, J.

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.

**GARRETT, J.**

Respondents on review—hereafter, "petitioners"— seek reconsideration of this court's decision in *PNW Metal Recycling, Inc. v. DEQ*, 371 Or 673, 540 P3d 523 (2023), which vacated the decision of the Court of Appeals and dismissed petitioners' ORS 183.400 rule challenge. In their petition for reconsideration, petitioners argue that this court's opinion contains four factual errors. Petitioners also disagree with the reasoning underlying this court's dismissal of the rule challenge. The Department of Environmental Quality (DEQ) has filed a brief in response to the petition for reconsideration. DEQ disagrees with all of petitioners' contentions except as to one identified factual misstatement, which DEQ asserts is immaterial.

We have considered petitioners' arguments about the merits of this court's analysis and decision in *PNW Metal Recycling*, and we reject those arguments without further discussion. As to the four purported factual errors, we briefly address them below.

The first purported error that petitioners identify is the following statement in this court's opinion: "Petitioners operate scrap metal recycling facilities that accept and process both vehicular and nonvehicular materials. Those materials fall within the statutory definition of 'solid waste' under ORS 459.005(25)." *PNW Metal Recycling*, 371 Or at 682. In their petition for reconsideration, petitioners assert that whether the materials processed in petitioners' facilities fall within the statutory definition of "solid waste" is a disputed issue. They also point out that the resolution of that issue is immaterial to the issues presented and resolved in this rule challenge. DEQ responds that petitioners, throughout the pendency of this case, have never argued that the materials that they process do not constitute "solid waste." We agree with petitioners that the question whether the materials processed in their facilities fall within the statutory definition of "solid waste" is not material to the issues that were presented and resolved in this court's opinion. To avoid any suggestion that this court intended to resolve that question, we allow the petition for reconsideration and modify the quoted statement as follows: "Petitioners operate scrap

metal recycling facilities that accept and process both vehicular and nonvehicular materials. For purposes of this rule challenge, we assume without deciding that those materials fall within the statutory definition of 'solid waste' under ORS 459.005(25)."

The second purported error that petitioners identify is a statement in the opinion describing the nature of the arguments that petitioners made when they initiated their rule challenge and submitted briefs to the Court of Appeals: "Petitioners advanced only those procedural arguments; they did not argue that DEQ's new interpretation was substantively incorrect." 371 Or at 683. Petitioners assert that they did, in fact, argue in their Court of Appeals briefing that DEQ's new interpretation of the auto-dismantler exception is substantively contrary to Oregon law. DEQ agrees that petitioners made that argument at the Court of Appeals. We agree that the quoted sentence in this court's opinion is incorrect. Accordingly, we allow the petition for reconsideration as to that issue and modify our opinion to delete that sentence.

The third purported error that petitioners identify is the following sentence from this court's opinion: "Petitioners have not attempted to demonstrate that the legislature intended for the application of the auto-dismantler exception to be handled through rulemaking." *Id.* at 685. We have considered petitioners' arguments on reconsideration and DEQ's response. We conclude that the quoted sentence is not inaccurate, and, accordingly, we decline to modify the opinion in that respect.

The fourth purported error that petitioners identify is that the court's opinion, by referring in two instances to "petitioners" collectively, misstates the factual record as to petitioner Pacific Recycling in particular. Petitioners take issue with the following sentences, which they assert are incorrect as to petitioner Pacific Recycling: (1) "In 2018, DEQ informed petitioners that the agency had changed its view of the relevant statutes and that, based on that revised interpretation, petitioners would be required to obtain permits." 371 Or at 675; and (2) "In July and November 2018, following separate site inspections of petitioners' facilities,

DEQ informed petitioners in writing that their facilities would be subject to the permitting requirement for nonvehicular waste processing, even though those facilities held dismantling certificates from ODOT." *Id.* at 683.

We allow the petition for reconsideration and modify the two noted sentences, respectively, as follows: (1) "In 2018, DEQ informed petitioners PNW Metal Recycling and Schnitzer Steel that the agency had changed its view of the relevant statutes and that, based on that revised interpretation, those petitioners would be required to obtain permits."; and (2) "In July and November 2018, following separate site inspections of PNW Metal Recycling's and Schnitzer Steel's facilities, DEQ informed those petitioners in writing that their facilities would be subject to the permitting requirement for nonvehicular waste processing, even though those facilities held dismantling certificates from ODOT."

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.